IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PATRICA JONES,                        )
                                      )
                Plaintiff,            )
                                      )
vs.                                   )        Case No. 11-1265-CV-W-ODS
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social Security,      )
                                      )
                Defendant.            )


**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION AND
REMANDING FOR RECONSIDERATION**

        Plaintiff appeals the Commissioner's final decision denying her application for Title
II benefits.   The final decision is reversed, and the case is remanded for further
consideration.

        Plaintiff worked for the Missouri Department of Transportation until she was injured
in a work-related accident in August 2008.   Plaintiff suffered injuries to her back that
required surgery.   She also underwent surgery to repair a torn rotator cuff in her right
shoulder that may or may not have been related to the accident.   In 2010, Plaintiff began
exhibiting anxiety and panic attacks that eventually evolved into depression.   Her reports
to doctors related to depression included indications of suicidal thoughts, and Plaintiff
was treated with medication.   Plaintiff testified that she did not want to get out of bed, did
not socialize, and only rarely left the house.  R. at 39-40.

        At the second step of the five-step framework for considering disability claims, the
ALJ found Plaintiff's shoulder pain and repaired rotator cuff, back problems, and
depression all constituted severe impairments.   This means, then, that the ALJ
determined these conditions presented more than a minimal effect on Plaintiff's ability to
work.   The ALJ then proceeded to step three and determined none of the conditions met
or equaled a listed impairment.   There are no claims of error with respect to steps two
and three.

        At step four, the ALJ ascertained Plaintiff's residual functional capacity ("RFC").

She found Plaintiff could perform a wide range of sedentary work and was further limited to only occasional reaching with her right arm. The ALJ posed hypothetical questions to a vocational expert based on this RFC, and based on the expert's testimony the ALJ found Plaintiff could not return to her past relevant work but could perform other work existing in the national economy.

Plaintiff argues the RFC is inaccurate insofar as it relates to her physical abilities. If this were the only issue in the case, the Commissioner's decision would be affirmed because the Court's review reveals that substantial evidence in the Record as a whole supports the ALJ's findings with respect to Plaintiff's physical capabilities. However, Plaintiff also points out that the RFC omits any reference to limitations caused by depression. Plaintiff suggests this omission is logically inconsistent with the ALJ's determination that Plaintiff's depression was severe, given that this finding means the ALJ found depression imposes more than a minimal limitation on Plaintiff's work-related abilities. The Commissioner seeks to discount this inconsistency, suggesting "the ALJ gave Plaintiff the benefit of the doubt in finding depression to be a severe impairment (Tr. 13)." Defendant's Brief at 7. The ALJ does not suggest she is giving Plaintiff the benefit of the doubt, and the Court does not know what this means anyway. If the ALJ finds a mental condition imposes more than a minimal limitation, the ALJ cannot ignore the effects of that finding, or characterize it as a "less than complete finding," by averring that the finding is made merely to give a claimant the benefit of the doubt. At a minimum, if the ALJ truly believes that a severe impairment imposes no work-related limitations, the ALJ should explain this finding. Here, after finding depression was a severe impairment that did not meet or equal a listed impairment, the ALJ did not discuss the issue again.

It may be that Plaintiff's depression imposes work-related limitations that, when added to her physical limitations, render her incapable of working. It also may be that if the effects of Plaintiff's depression are added to the RFC, Plaintiff can still perform work in the national economy. This determination must be made by the ALJ in the first instance,

so the Commissioner's final decision is reversed and the case is remanded for further proceedings.

IT IS SO ORDERED.

DATE: November 5, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

3